UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 4:09-CR-20 |
| | ) | Judge Mattice/Carter |
| JUANA MONTANO-PEREZ | ) | |
|   a.k.a. JUANA PEREZ | ) | |
|   a.k.a. JUANA MONTANO | ) | |

**UNITED STATES' REPLY TO DEFENDANT'S SENTENCING MEMORANDUM**

Comes the United States of America, by and through James R. Dedrick, United States Attorney for the Eastern District of Tennessee, and Assistant United States Attorney Gary S. Humble, and replies to defendant's sentencing memorandum.

Defendant now stands before the Court convicted of three crimes involving moral turpitude: social security fraud, use of false documents and making a false statement.[1] Nevertheless, like almost every other defendant who comes before this Court, the defendant seeks to mitigate her crimes by attempting to pull on this Court's heartstrings with her tale of woe and cry for mercy on her children. The defendant hopes that she can hide behind pictures of her children to avoid what should be the consequences of her crimes. The defendant ignores the high costs for her crimes simply caused by her illegal presence, costs paid for by the people of

---

[1] See 8 U.S.C. § 1227(a)(2)(A)(I); *Chanan Din Khan v. Barber*, 147 F.Supp. 771 (D.C.Cal. 1957). Any offense in which fraud is an element is a crime of moral turpitude. See *Jordan v. De George*, 341 U.S. 223 (1951). Presenting false documents for the purpose of obtaining employment and making false statements in violation of 18 U.S.C. § 1001 are also crimes involving moral turpitude. *Kabongo v. Immigration & Naturalization Service,* 837 F.2d 753 (6th Cir. 1988). Deceit is at the core of moral turpitude. *Abdelqadar v. Gonzales*, 413 F.3d 668 (7th Cir. 2005). Use of a false social security number has been specifically held to be a crime of moral turpitude. *St. John v. Ashcroft*, 43 Fed.Appx. 281, 2002 WL 1722104 (10th Cir. 2002).

this country who obey and respect its laws and pay taxes.[2]  She ignores the fact that she has admitted that she has "knowingly encouraged, induced, assisted, abetted or aided [an] alien to try to enter the United States illegally."  Form I-918, part 3 (Dec. 22, 2008).  She asks this Court to ignore the fact that she has been previously removed from this country, but had so little respect for our laws that she illegally entered again.  She also ignores the unfairness to all of those who would lawfully seek to enter this country.  As set forth below, a sentence of incarceration is appropriate to promote respect for the law, to reflect the seriousness of the offence, to deter others and to justly punish this defendant.  *See* 18 U.S.C. § 3553(a).  A sentence without some incarceration is a meaningless exercise and would promote disrespect for the law.

Defendant suggests that her inability to speak English, despite her illegal presence here since 1997, may have led her to have been manipulated.  She ignores the fact that she bought fraudulent documentation, such as a social security card and alien registration card, for the express purpose of obtaining employment by deceit.  She illegally entered the United States on two occasions and has repeatedly signed various government forms under the penalty of perjury while representing that the information contained on the fraudulent documents was true and accurate.  The instant offenses are just the latest episodes of many such uncharged felonies.

Defendant recites the fact that she now has permission to be in the United States and even has her own social security number and alien identification number.  It is remarkable how this defendant, who came here illegally and who is now convicted of social security and document fraud, that is, crimes involving moral turpitude, can have achieved this.  The Court should know

---

[2]The defendant has never been married and has four children and no job.  She has 6 years of education in a rural Mexican school.  The Court can draw its own conclusion about who is supporting her and her children and who will be.

the whole story.

Shortly after the defendant was arrested, along with other illegally present aliens employed by Durrett Cheese, on October 22, 2007, by the Coffee County Sheriff and identified as an illegal alien, the defendant was contacted by the Southern Poverty Law Center ("SPLC"), which provided her with both a civil and a criminal lawyer.[3] The SPLC then filed a claim with the Equal Employment Opportunity Commission ("EEOC") on the defendant's behalf, alleging that she had been the victim of discrimination at Durrett Cheese because of her alienage and sought a U Visa from the Department of Homeland Security ("DHS"). Based upon her claim that she was a victim, the EEOC designated her a victim and advised the DHS that her presence in the United States was necessary to enable them to conduct an investigation. In her original application to the DHS the defendant falsely stated that she had *not* committed a crime for which she had not been arrested. She later amended her petition to correct that false statement. EEOC then certified the defendant's application to the DHS, Citizenship and Immigration Service ("CIS"), for a U Visa.[4] Thereafter, EEOC closed its investigation, but did not notify DHS, that the defendant's presence was no longer necessary.[5]

---

[3]The SPLC provided civil and criminal counsel for each of the below-listed nine (9) defendants, identified in the presentence report as related cases: Luciana Moreno-Lopez, 4:09-CR-21; Maria Ramirez-Mendoza, 4:09-CR-22; Flora Rivera-Pablo, 4:09-CR-23; Teresa Ayala-Rosales, 4:09-CR-24; Cirilo Castillo-Amaro, 4:09-CR-25; Meremedios Cervantes-Cano, 4:09-CR-26; Dalila Contreras-Martinez, 4:09-CR-27; Sarai Contreras-Martinez, 4:09-CR-28; Mercedes Eugenio-Gomez, 4:09-CR-29.

[4]See 8 C.F.R. § 214.14(h)(2)(i).

[5]The United States Attorney's Office later requested EEOC to notify CIS that their need for the former Durrett Cheese employees no longer existed. According to EEOC, once they have certified a U Visa request to CIS, they will not rescind that request even after closing their investigation and the need for the alien no longer exists. Moreover, the criminal investigation found no evidence of illegal discrimination. Durrett Cheese was in bankruptcy and had not been

3

In the meantime, on April 28, 2009, the federal grand jury in Chattanooga indicted the defendant, and most of her fellow Durrett Cheese illegal co-workers, for identity theft, social security fraud and identification fraud.[6] Despite that indictment and EEOC's closing of its case, on June 8, 2009, CIS, approved the U Visa application, enabling the defendant to lawfully remain here and seek employment, as well as derive most of the benefits of living in the United States of America.[7]

It should also be noted that U Visa holders, such as this defendant, have significant advantages over permanent resident aliens, *i.e.*, those who have been lawfully admitted and may seek to become citizens. Normally, when a lawful resident alien commits a crime involving moral turpitude, they may be deported. *See* 8 U.S.C. § 1227(a)(2)(A)(I). However, an alien receiving a U Visa essentially has deportation immunity for any crimes committed before receipt of the U Visa and may not be deported for conviction of a crime involving moral turpitude.

---

paying almost all of its employees, citizens and noncitizens alike, on a regular basis due to its inadequate cash flow.

[6]Former Durrett Cheese employee, Shanna Ramirez was also subsequently charged by the grand jury. Ramirez signed the I-9 forms, including Montana-Perez' I-9 form, and falsely represented that the information was true and correct for each of the Durrett Cheese employees in the related cases identified in footnote two above. Montana-Perez and the others were identified by name in Count One of the Superseding Indictment, charging conspiracy to commit social security fraud. *See United States v. Shanna Dee Ramirez*, 1:09-CR-46, Superseding Indictment at p.3, ¶3, R14. Ramirez went to trial and was convicted of conspiracy to commit social security fraud (Count One), aiding and abetting social security fraud (Count Two) and false declarations before the grand jury (Counts Four and Five). She received a sentence of 15 months incarceration. *Id.*, Judgment, R. 36 (filed on Dec. 23, 2009). Ramirez made less than $20,000 a year and also had children.

[7]It is unknown whether Homeland Security was aware that the former Durrett Cheese employees had been indicted when it subsequently granted them immunity from deportation for their crimes involving moral turpitude. If they did know, they did not discuss the situation with the United States Attorney's Office.

Social Security fraud and document fraud are crimes involving moral turpitude. Yet, this defendant, Ms. Montano-Perez, is not deportable. Who says crime doesn't pay?

CONCLUSION

In short, this defendant has not yet been punished for her crimes against the United States, starting with her first illegal entry. What she has gotten is almost all of the rights and privileges of residence here and the right to have the taxpayers support her and her children for the foreseeable future. Rights and privileges that are not enjoyed by those waiting to come here with permission. Is Shanna Ramirez to be the only person in this conspiracy to go to jail? We urge this Court to send a message to the guilty and the innocent that the law will not countenance such a perverse result. We urge the Court to promote respect for the law. This defendant clearly has no respect for the law.

Respectfully submitted,

JAMES R. DEDRICK
United States Attorney

 /s/ Gary S. Humble
GARY S. HUMBLE
Assistant United States Attorney
1110 Market Street, Suite 301
Chattanooga, TN 37402
(423)752-5140

## CERTIFICATE OF SERVICE

      I hereby certify that on February 26, 2010, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

      /s/ Gary S. Humble
GARY S. HUMBLE
Assistant United States Attorney